**E-Filed 06/06/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

|  |  |
|---|---|
| QIANG CHEN,<br><br>                          Plaintiff,<br><br>          v.<br><br>MICHAEL CHERTOFF, Secretary of the<br>Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director of United States<br>Citizenship and Immigration Services;<br>DAVID STILL, San Francisco District Director,<br>United States Citizenship and Immigration<br>Services;<br>ROBERT S. MUELLER, Director of the Federal<br>Bureau of Investigation,<br><br>                          Defendants. | Case Number C 06-7837 JF<br><br>ORDER[1] DENYING MOTION TO<br>DISMISS FOR LACK OF<br>JURISDICTION AND FAILURE TO<br>STATE A CLAIM<br><br>[re: docket no. 5, 12] |

## I. BACKGROUND

Plaintiff Qiang Chen is a native of the People's Republic of China who submitted an I-485 application to the United States Citizenship and Immigration Service ("USCIS") on August 24, 2004, seeking to adjust his immigration status to that of lawful permanent resident. The application remains unadjudicated after almost three years. Plaintiff asserts that he and his

---

[1] This disposition is not designated for publication and may not be cited.

1    congressional representatives have made numerous inquiries of the USCIS and the FBI regarding

2    his application. On December 21, 2006, he filed the complaint ("Complaint") in this action,

3    alleging that Defendants have violated the Administrative Procedures Act ("APA") by

4    unreasonably delaying the adjudication of his application. Plaintiff seeks a writ of mandamus

5    pursuant to 28 U.S.C. § 1361 compelling Defendants to process his application. On February 27,

6    2007, Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure

7    12(b)(1) and 12(b)(6). Defendants argue that their duty to process I-485 applications within a

8    particular time frame is wholly discretionary and that the APA exempts such discretionary

9    agency actions from judicial review. Plaintiff opposes the motion. The Court concludes that this

10    motion is appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).[2]

11                                    **II.  LEGAL STANDARD**

12           A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the

13    jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1).

14    District courts have "original jurisdiction of any action in the nature of mandamus to compel an

15    officer or employee of the United States or any agency thereof to perform a duty owed to the

16    plaintiff." 28 U.S.C. § 1361. Under the APA, "[w]ith due regard for the convenience and

17    necessity of the parties or their representatives and within reasonable time, each agency shall

18    proceed to conclude the matters presented to it." 5 U.S.C. § 555(b). Should an agency not

19    proceed pursuant to section 555(b), a court may hear a petition for a writ of mandamus

20    compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5

21    U.S.C. § 706(1). To invoke subject matter jurisdiction under the APA, a petitioner must show (1)

22    that Defendants had a nondiscretionary duty to act and (2) that Defendants unreasonably delayed

23    in acting on that duty. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65; 5 U.S.C. §§

24    555(b), 706(1). *See also Gelfer v. Chertoff*, 2007 WL 902382 * 1 (N.D. Cal. 2007).

25           A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims

26    _____

27           [2]The Court recently decided similar motions in *Tang v. Chertoff*, No. C 07-0395
      (N.D.Cal. June 5, 2007) (order denying motion to dismiss) and *Tang v. Chertoff*, No. C 07-0683
28    (N.D.Cal. June 5, 2007) (same).

                                                2

1  asserted in the complaint. In resolving a motion under Rule 12(b)(6), the Court must construe the

2  complaint in the light most favorable to the Plaintiff, and accept Plaintiff's factual allegations as

3  true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

4                                   **III.  DISCUSSION**

5          **1. Defendants' Nondiscretionary Duty**

6          Defendants argue neither section 1361 nor the APA is a basis for subject matter

7  jurisdiction because Defendants' duty to process the I-485 applications in a particular time frame

8  is discretionary. Motion 6. The Immigration and Nationality Act ("INA") authorizes "the

9  Attorney General, in his discretion," to adjust to permanent resident status certain aliens who

10  have been admitted into the United States. 8 U.S.C. § 1255. However, as the government has

11  conceded in at least two similar actions, see *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal.

12  2007), and *Gelfer*, 2007 WL 902382 at * 2, while its duty to grant an adjusted status is

13  discretionary, its duty to *process* I-485 applications under section 1255 is nondiscretionary. *Id.*

14          **2. Defendants' Unreasonable Delay**

15          To establish jurisdiction, Plaintiff also must demonstrate that Defendants have failed to

16  act within a reasonable period of time. Unreasonable delay may be redressed by a writ of

17  mandamus. *See Singh*, 470 F. Supp. 2d at 1068 ("petitioners whose applications for adjustment

18  in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to

19  have the applications processed within a reasonable time."); *Gelfer*, 2007 WL 902382 at * 4 - * 5

20  ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485]

21  application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. §

22  555(b)"). Although no time frame is defined in the INA, "a contrary position would permit

23  [Defendants] to delay indefinitely," and "Congress could not have intended to authorize

24  potentially interminable delays." *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)

25  (addressing section 1255 and other INA statutes).

26          Plaintiff filed his I-485 application on August 24, 2004. The Court appreciates that the

27  security checks performed on I-485 applications are essential to the nation's security and that the

28  number of applications that must be checked has increased drastically since 9/11. However,

Case No. C 06-7837 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1    Defendants do not identify any specific actions they have taken to process Plaintiff's application,

2    nor do they provide a sufficiently specific explanation for their exceedingly long delay in

3    processing Plaintiff's application. On the instant record, which lacks a particular explanation as

4    to the cause of the delay, the Court concludes that over two years is an unreasonable delay under

5    the APA. *See Gelfer*, 2007 WL 902382 at *3 (a two year delay in processing an I-485 application

6    is unreasonable as a matter of law); *Wu v. Chertoff*, 2007 WL 1223858 (N.D.Cal. 2007) (a three

7    year delay in processing an I-485 application is an unreasonable amount of time as a matter of

8    law).

9          Accordingly, the Court concludes that it has subject matter jurisdiction over Plaintiff's

10   complaint under § 1361 and the APA. Defendants have a nondiscretionary duty to process

11   Plaintiff's I-485 application within a reasonable period of time and Defendants have delayed

12   unreasonably in fulfilling this duty. Assuming as it must at the pleading stage that Plaintiff's

13   factual allegations are true, the Court expresses no opinion as to the proper outcome of the

14   review of Plaintiff's I-485 application. As noted above, the Court lacks jurisdiction to review the

15   outcome of that discretionary review. *See Norton*, 542 U.S. at 65; *Gelfer*, 2007 WL 902382, at

16   *2; *Chen v. Chertoff*, No. C-06-07927 at 3-4 (N.D. Cal. Apr. 18, 2007) (order denying motion to

17   dismiss).

18                                    **IV.  ORDER**

19         Good cause therefor appearing, IT IS HEREBY ORDERED:

20   (1) Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to

21   state a claim is DENIED.

22   (2) The Department of Homeland Security is the agency responsible for implementing the

23   Immigration and Nationality Act, and so Michael Chertoff, in his capacity as Secretary of

24   the Department of Homeland Security is the only relevant Defendant in this action. This

25   matter is dismissed, in its entirety, as to Defendants Emilio T. Gonzalez, David Still, and

26   Robert S. Mueller.

27

28   DATED: 6/6/07

Case No. C 06-7837 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

_____

JEREMY FOGEL
United States District Judge

Case No. C 06-7837 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1  This Order has been served upon the following persons:

2  Justin Fok                    jfok@jclawoffice.com

3  Ila C. Deiss                  ila.deiss@usdoj.gov

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6